UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                    :
CORTLANDT STREET RECOVERY CORP.    :
and SPQR CAPITAL (CAYMAN) LTD.,       :
                                    Plaintiffs,   :              14-CV-1568 (JPO)
                                                    :
                    -v-                             :            OPINION AND ORDER
                                                    :
DEUTSCHE BANK AG, LONDON BRANCH,  :
                                    Defendant.    :
                                                    :
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

        Plaintiffs, Cortlandt Street Recovery Corporation ("Cortlandt") and its owner SPQR

Capital Limited ("SPQR") brought this action in New York State Supreme Court for the County

of New York.  Defendant Deutsche Bank AG, London Branch ("DBAG") removed the action to

this Court on March 7, 2014.  On June 5, 2014, DBAG moved to dismiss the action under

Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs suggested that they intended to file a motion

to remand the case to state court and so this Court held the motion to dismiss in abeyance until

any issues regarding this Court's jurisdiction were resolved.  Plaintiffs filed the instant motion to

remand on August 8, 2014 and oral argument was held on September 12, 2014.  For the reasons

that follow, Plaintiff's motion is denied.

        This controversy began in December of 2012, when Cortlandt filed suit in this Court

seeking payment on a series of subordinated notes issued by an entity known as Hellas

Telecommunications II, S.C.A.  This Court dismissed that action without prejudice because

Cortlandt had failed to establish that it had standing to sue.  *Cortlandt St. Recovery Corp. v.*

*Deutsche Bank AG, London Branch (Cortlandt I)*, 12-CV-9351 JPO, 2013 WL 3762882

(S.D.N.Y. July 18, 2013).  "Nowhere," this Court wrote, "d[id] the first Complaint allege that

title to or ownership of the claims has been assigned to Cortlandt."  *Id.*

   Cortlandt set out to remedy this problem by receiving "all right, title, and interest in the

claims to recover amounts owed under the Subordinated Notes" from SPQR.  (Dkt. No. 16,

Plaintiff's Motion to Remand at 4 (citing State Court Complaint at ¶ 6).)  This exact language

has been held sufficient to confer standing to sue.  *Titus v. Wallick*, 306 U.S. 282, 285 (1939),

*cited in Cortlandt I*, 2013 WL 3762882.  Once Cortlandt had all right, title, and interest in the

claims, Cortlandt *and* SPQR sued DBAG in New York Supreme Court for payment.  DBAG

removed the action in a timely manner to this Court pursuant to 28 U.S.C. §§ 1441 & 1446 on

the basis of diversity of citizenship.

   A case filed in state court may be removed by the defendant if the action is one over

which "the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a),

and the defendant is not a domiciliary of the state in which the suit was originally filed, 28

U.S.C. § 1441(b)(2).  The federal district courts have jurisdiction over causes of action between

parties of diverse citizenship where the amount in controversy exceeds $75,000.  28 U.S.C.

§ 1332.  A case can be heard in federal court on the basis of diversity of citizenship only if no

two parties on opposite sides of a case are from the same state, *State Farm Fire & Casualty Co.*

*v. Tashire*, 386 U.S. 523, 530-31 (1967), and where two parties on either side of an action are

foreign citizens, diversity is defeated, *e.g.*, *Corporacion Venezolana de Fomento v. Vintero Sales*

*Corp.*, 629 F.2d 786, 790 (2d Cir. 1980).

   The parties do not dispute their citizenship.  Cortlandt is a corporation organized under

the laws of the State of New York with its principal place of business in New York.  (Dkt. No.

16, Plaintiff's Motion to Remand, at 2.)  SPQR is a limited company organized under the laws of

the Cayman Islands.  *Id.*  DBAG is a German corporation whose principal place of business is

London.  *Id*.  Thus, as pleaded, the parties are not diverse: foreign citizens appear on either side of the action.

But the analysis does not end there.  DBAG argues that SPQR—the party whose presence would defeat diversity jurisdiction—is not a real party to this case and, therefore, that its presence ought to be disregarded for diversity purposes.  *See, e.g.*, *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000) ("Although most frequently applied to the joinder of unnecessary defendants, the fraudulent joinder doctrine also requires the court to disregard the presence of a plaintiff who is not a real party in interest.") (internal quotations and citations omitted).  This is so, DBAG asserts, because SPQR has already conveyed all right, title, and interest in any claims relating to the notes to Cortlandt, leaving SPQR with no remaining interest in the litigation.  Cortlandt and SPQR respond by arguing in their papers that this Court has already held that SPQR is the real party in interest and, therefore, that the parties are diverse. (Dkt. No. 16, Plaintiff's Motion to Remand, at 10 (citing as a reason for remand "the Court's dismissal of Cortlandt's first action against Defendant for lack of standing in which the Court held 'neither the Complaint, nor the extrinsic evidence provided to the Court, adequately suggests that Cortlandt owns the claims at issue by virtue of an assignment.'") (internal citation omitted).[1]  But Cortlandt and SPQR neglect to mention in their motion papers that a new assignment was made after *Cortlandt I*.  In *Cortlandt I*, this Court dismissed Cortlandt for lack of Article III standing because SPQR had *not* validly assigned the claims relating to the notes to Cortlandt.  But since *Cortlandt I*, SPQR did just that.

---

[1] Plaintiffs also argue that DBAG is estopped from claiming that Cortlandt is the real party in interest because in *Cortlandt I* it claimed that Cortlandt lacked Article III standing to sue because it did not own a sufficient interest in the notes.  This argument is unpersuasive because SPQR executed a new assignment since *Cortlandt I*.

At oral argument, Plaintiff's counsel conceded that if the second assignments are found to be effective, SPQR has no remaining stake in the claims filed in this action. The second assignments plainly transfer all right, title, and interest in the claims at issue in this litigation from SPQR to Cortlandt. Therefore, SPQR's citizenship must be disregarded for purposes of diversity jurisdiction, and Plaintiff's motion to remand must be denied.

*       *       *

For the foregoing reasons, Plaintiff's motion to remand to state court is hereby DENIED.

The parties are directed to confer as to whether Defendant consents to the filing of an amended complaint in this action and to submit letters detailing their positions on that issue by September 26, 2014.

The Clerk of the Court is directed to close the motion at docket number 16.

SO ORDERED.

Dated: September 12, 2014
New York, New York

_____
J. PAUL OETKEN
United States District Judge